# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE FACHNER and ROBERT FACHNER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JOSE LUIS VILLARREAL and JLV TRUCKING,<br><br>　　　　Defendants. | 1:12-cv-00365 AWI GSA<br><br>**ORDER ELECTING NOT TO ADOPT THE PARTIES' STIPULATION TO EXTEND CERTAIN DISCOVERY DEADLINES** |

　　　On May 9, 2012, this Court issued its Scheduling Conference Order, setting all discovery and trial-related deadlines and hearing dates.  (Doc. 11.)

　　　On December 10, 2012, the parties to the action filed a Stipulation Extending Discovery Deadlines.  More particularly, the parties seek to extend the expert disclosure, non-expert discovery, supplemental expert disclosure and expert discovery deadlines.  (Doc. 12.)

　　　For the reasons that follow, the Court will not adopt the parties' stipulation. *See* Local Rule 143(b) (Stipulations are not effective unless approved by the Court).

//

//

1

  The parties did establish good cause by indicating that although a mediation was scheduled to occur on October 4, 2012, "scheduling issues" required the mediation be reset for December 13, 2012. Not wishing to "extend costs and fees on completing discovery in the face of upcoming mediation," the parties seek to extend the deadlines by approximately six weeks. That period would allow for the mediation to occur, and in the absence of a settlement, would permit the parties to complete discovery and prepare for trial thereafter. (Doc. 12 at 1-2.)

  However, while the parties have made a good cause showing with regard to their need to extend certain deadlines, the agreed upon deadlines cannot be accommodated. With a pretrial conference set for May 30, 2013 and a jury trial set to commence July 16, 2013, the dates selected by the parties do not comport the scheduling requirements of District Judge Anthony W. Ishii. For instance, the date selected for the dispositive motion deadline is to be no earlier than four to six weeks after the expert discovery cut off. By example then, if the Court were to adopt the parties' stipulation and extend the expert discovery cut off from January 25, 2013 to March 8, 2013, that deadline would fall one day *after* the date pertaining to dispositive motions. There must be four to six weeks between the expert discovery cut off and the deadline for dispositive motions to be filed, yet the parties do not seek to modify any discovery deadline following the expert discovery cut off. All subsequent dates are affected where the non-dispositive motion deadline should fall one to three weeks following the expert discovery cut off, the dispositive motion deadline should fall four to six weeks after the expert discovery cut off, the pretrial conference should occur about six weeks after the dispositive motion filing deadline, and trial should occur about six weeks after the pretrial conference.

  The parties may present a stipulation for this Court's consideration that allows for sufficient time between the expert discovery cut off deadline and the remainder of the discovery deadlines, pretrial conference and jury trial. As it stands, the parties will need to offer alternative dates for the remaining discovery deadlines, pretrial conference and jury trial in order for the

1  Court to accommodate the dates they have already agreed upon in the stipulation filed December
2  10, 2012.
3      Additionally, and for the parties' information, a pretrial conference should be set six
4  weeks after the dispositive motion deadline, on a Tuesday, Wednesday or Thursday at 8:30 a.m.
5  before Judge Ishii.  A jury trial should commence no earlier than six weeks after the pretrial
6  conference, and should begin on Tuesday mornings at 8:30 a.m. before Jude Ishii.
7      In conclusion, unless the parties offer a stipulation that complies with the requirements
8  discussed above, the Scheduling Conference Order dated May 9, 2012, and all deadlines and
9  dates referenced therein, remains operative.
10     IT IS SO ORDERED.
11  Dated:   **December 11, 2012**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

3